904 F.2d 701
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Jay STRUVE, Plaintiff-Appellant,
v.
WICOMICO COUNTY BAR ASSOCIATION, and all it's members
including; D. William Simpson; Alfred Thomas Truitt, Jr.;
Richard Pollitt; Richard D. Warren, and also; Circuit
Court Clerk Bowen; Marvin Smith; Lloyd L. Simpkins; Dale
R. Cathell; Theodore R. Eschenburg, Sr.; Donald F.
Johnson, and other persons that have routine, prompt access
to the Wicomico County Court/Bar Library, Defendants-Appellees.
 No. 89-2669.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 31, 1990.
Decided: May 24, 1990.
 
 Appeal from the United States District Court for the District of Maryland, at Baltimore. J. Frederick Motz, District Judge. (C/A No. 89-609-JFM).
 Jay Struve, appellant pro se.
 D.Md.
 AFFIRMED.
 Before CHAPMAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Jay Struve appeals the district court's sua sponte dismissal of his 42 U.S.C. Sec. 1983 complaint in which he claimed a denial of due process and equal protection in not being allowed access to the Wicomico County Bar Library. We affirm.
 
 
 2
 Struve alleged that he is not allowed access to the Wicomico County Bar Library to prepare his defense of criminal charges. He also alleged generally that he has not been allowed access to the bar library over the past three years. He asserted that due to the lawyer's traditional "snitch" function he has no meaningful access to the courts unless he is allowed access to the bar library. He attached to his complaint copies of court rulings ina federal civil rights action in which he had alleged, inter alia, that his public defender had disclosed confidential information in the past.
 
 
 3
 In United States v. Chatman, 584 F.2d 1358, 1360 (4th Cir.1978), we held that a state fulfills whatever affirmative duty exists to guarantee meaningful access to the courts by offering the litigant professional legal assistance. If the litigant is dissatisfied with that option, the state has no further obligation to provide access to a law library. See also Bounds v. Smith, 430 U.S. 817 (1977) (state must provide prisoners with either law libraries or persons trained in law to prosecute both post-conviction proceedings and civil rights actions); Williams v. Leeke, 584 F.2d 1336 (4th Cir.1978) (state need not provide both law libraries and legal advisors), cert. denied, 442 U.S. 911 (1979).*
 
 
 4
 Struve alleges that he has been represented by the public defender previously and has also previously asserted his right to represent himself. See Faretta v. California, 422 U.S. 806 (1975). With respect to any civil claims he wishes to pursue, Struve does not allege that he has sought assistance from the legal service organizations available in Maryland. Rather, he alleges that he does not trust lawyers.
 
 
 5
 Because the state retains the option to provide access either to legal assistance or legal resources and Struve may not insist on the form of legal assistance to be provided him, his complaint fails to present a substantial federal question, Hagans v. Lavine, 415 U.S. 528, 537-38 (1974). Accordingly, we affirm the district court's dismissal of the complaint. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *
 Both Bounds and Williams address the state's obligation to provide legal assistance or resources to persons held in its custody. We need not decide whether such an affirmative obligation exists with respect to persons not in state custody. Cf. DeShaney v. Winnebago County Dep't of Social Services, 57 U.S.L.W. 4218 (U.S. Feb. 22, 1989) (No. 87-154). Assuming such an obligation exists, Struve has failed to allege a failure to meet it